# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

| | |
|---|---|
| **JEFFERY ALLEN NEWMAN,** ) | |
| ) | |
| **Movant,** ) | |
| ) | |
| v. ) | **Civil Action No. 3:06-0134** |
| ) | **(Criminal No. 3:04-0083)** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pendings is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody and Memorandum in Support.[1] (Document Nos. 389 and 390.) Having conducted a thorough examination of the record in this matter and the underlying criminal proceedings, the undersigned has determined that the record conclusively shows that Movant is entitled to no relief and respectfully recommends that this matter be dismissed.

## FACTUAL AND PROCEDURAL BACKGROUND

Movant was charged along with several others in four Counts of a Nine Count Indictment filed on April 16, 2004, with conspiring to possess more than five grams of cocaine base and cocaine with the intention of distributing it in violation of 21 U.S.C. § 846 (Count One) and distributing and aiding and abetting the distribution of cocaine base in November, 2003, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Counts Five, Six and Seven). United States v. Newman, Criminal No. 3:04-0083, Document No. 1. A Superseding Indictment was filed on August 25, 2004, and the

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See* Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

charges against Movant remained the same. (Id., Document No. 153.) A Second Superseding Indictment was filed on November 30, 2004, and the charges against Movant remained the same. (Id., Document No .234.) Movant entered a guilty plea to the charges contained in Count Six of the Second Superseding Indictment on December 6, 2004. (Id., Document Nos. 249, 250 and 252.)[2] The District Court sentenced Movant on February 22, 2005, to a 38 month term of imprisonment and a three year term of supervised release and imposed a $100 special assessment. (Id., Document No. 315.)[3] Movant did not appeal his conviction or sentence. Rather, on February 23, 2006, Movant filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody and Memorandum in Support. (Document Nos. 389 and 390.) Movant contends that his trial attorney, Mr. Troy Giatras, was ineffective in representing him in the sentencing process in failing to challenge the determination of his Offense Level under the United States Sentencing Guidelines[4]

---

[2] The undersigned notes that Movant's written plea agreement contains Movant's stipulation that his "involvement in drug distributions involved distributing at least 4 grams of cocaine base . . .." (Document No. 250, ¶ 4.) Pursuant to U.S.S.G. § 2D1.1 in 2004, the base Offense Level for distributing at least 4 grams of cocaine base was 24. The District Court determined that correctly and added two levels for Movant's possession of a firearm during his commission of the offense. The District Court subtracted two levels for Movant's limited role in the offense and further subtracted three levels for his acceptance of responsibility. Defendant was therefore eligible for sentencing under the Guidelines at Offense Level 21, Criminal History Category II to a 41 to 51 month term of imprisonment. (Document No. 395, pp. 44 - 45.)

[3] The Bureau of Prisons' Inmate Locator indicates that Movant was released from custody on December 20, 2007.

[4] Movant indicates that his Offense Level was initially determined to be 19 and Mr. Giatras told him that it should be 15. In view of Movant's stipulation to involvement in the distribution of four grams of cocaine base in his plea agreement and U.S.S.G. 2D1.1's setting of base Offense Level 24 for that amount, it is inconceivable how Movant's Offense Level could have be determined to be as low as he claims. The undersigned notes that the District Court, considering the Guidelines and "other statutory factors", determined that Movant's sentencing range under the Guidelines was 41 to 51 months and nevertheless sentenced Movant to a 38 month term of incarceration because Movant was on home confinement for a long period of time while the charges were pending against him and his co-Defendants and a two level minor-role reduction did not adequately account for the

(Document No. 390, pp. 5 - 8.) and failing to inform the District Court of "the role that Movant played in the day to day lives of his family" as such matters are germane to the 18 U.S.C. § 3553 factors. (Id., pp. 8 - 11.) Additionally, Movant states that while incarcerated he has attended and/or completed rehabilitation classes and programs and requests that the District Court consider his family circumstances and "extraordinary rehabilitative efforts" and reduce his sentence by twelve months. (Id., pp. 11 - 12.)

The Court filed an Order on February 24, 2006, requiring Respondent to file a Response to Movant's Motion and allowing Movant to file a Reply. (Document No. 393.) Respondent filed a Response on March 27, 2006. (Document No. 396.) Respondent asserts that Movant's claim that Mr. Giatras was ineffective in failing to challenge the determination of his Offense Level is frivolous as Movant did not appeal his sentence and therefore waived his right to raise the non-constitutional issue under Section 2255. Respondent further asserts that even if allowable under Section 2255, Movant did not object to the determination of his Offense Level at sentencing or appeal the District Court's finding in this regard and Movant stipulated to his involvement in the distribution of at least four grams of cocaine base in his plea agreement. (Id., pp. 4 - 5.) Respecting Movant's claim that Mr. Giatras was ineffective in failing to inform the District Court of circumstances which the District Court should consider under the Section 3553, Respondent states that during sentencing, Movant himself informed the District Court of those circumstances and the District Court stated that it was taking those circumstances into consideration. (Id., pp. 5 - 6.) Respondent further states that in any event, the District Court departed below the sentence as determined on the basis of the United States

---

limited role Movant played in the criminal scheme in which he was involved. (Document No. 395, pp. 55 - 56.)

Sentencing Guidelines in sentencing Movant to 38 months in prison. (Id., p. 7.)Finally, Respondent states that Movant's participation in rehabilitative programs while incarcerated "are not legal grounds for vacating a criminal sentence." (Id.)

On March 28, 2006, the Court filed an Order notifying Movant that he could file a Reply to Respondent's Response. (Document No. 397.) Movant did not do so. Rather, on May 3, 2006, Movant filed a Motion for Leave to Amend and Memorandum in Support. (Document Nos. 401 and 402.) Movant states that he did not have a copy of the transcript of his sentencing hearing when her filed his Section 2255 Motion but received it thereafter. Movant further states that he had "discovered additional information which relates back to the claims raised previously" and he had obtained case law which he did not have when he filed his Motion.

## **DISCUSSION**

The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165,

102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). *See* United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. *See* United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993); *See also* United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), *cert. denied*, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. *See* Theodorou, *supra*, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), *cert. denied*, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

Indigent criminal defendants have the constitutional right to effective assistance of counsel through a direct appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) When a movant claims ineffective assistance of counsel as a basis for seeking relief under § 2255,

the burden is on the movant to prove that his trial attorney failed to render effective assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In Strickland, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel. Id. The first prong is competence. The movant must show that the representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687 - 691, 104 S.Ct. at 2064 - 2066. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065 - 2066.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .. [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The Court will not second-guess an attorney's tactical decisions unless they appear unreasonable in view of all of the circumstances. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977) The second prong is prejudice. The movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. Murray v. Carrier, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented

by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") The movant must therefore show (1) that his attorney's performance was constitutionally inadequate, i.e., that he committed errors so serious that his performance "fell below an objective standard of reasonableness" and (2) that his attorney's performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the result unreliable. Strickland, 466 U.S. at 687 - 88, 104 S.Ct. at 2064 - 2065; Fitzgerald v. Thompson, 943 F.2d. 463 (4th Cir. 1991), *cert. denied*, 502 U.S. 1112, 112 S. Ct. 1219, 117 L.Ed.2d 456 (1992).

Having conducted a thorough examination of the record in this matter and the underlying criminal proceedings, the undersigned finds that Movant has not identified any acts or omissions of Mr. Giatras in his sentencing process which fell "outside the wide range of professionally competent assistance." Movant stipulated to his involvement in the distribution of four grams of cocaine base. The District Court correctly determined his base Offense Level on the basis of this stipulated amount and then added and subtracted from it as the record and Guidelines allowed. The District Court determined that Movant was eligible for a sentence of between 41 and 51 months under the Guidelines and sentenced him to a 38 month period of incarceration, three months below the low end of the range. The District Court took into consideration Movant's family circumstances. The undersigned finds in view of these circumstances that Mr. Giatras had no basis for objecting to the District Court's determination of Movant's Offense Level or further discussing his family circumstances. There is no indication that Mr. Giatras' representation was constitutionally inadequate. Movant's claims of ineffective assistance of counsel are therefore without merit. The undersigned further agrees with Respondent that challenges to convictions and sentences may be

7

considered under Section 2255. Movant's request for a reduction of his sentence for participating in rehabilitative programs while incarcerated is not such a challenge and therefore may not be considered under Section 2255. For these reasons, Movant's Motion must be dismissed.

## **PROPOSAL AND RECOMMENDATION**

Accordingly, the undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Movant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C.§ 2255. (Document No. 389.) and remove this matter from the Court's docket.

The Movant is notified that these Proposed Findings and Recommendation are hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352

(1984). Copies of such objections shall be served on opposing parties, District Judge Chambers, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Movant.

Dated: August 3, 2010.

R. Clarke VanDervort
United States Magistrate Judge